

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DISTRICT

**AVERY RAWLS**                                                    **PLAINTIFF**

**VS.**                         CIVIL ACTION NO. 2:18cv141-KS-MTP

**INSTITUTIONS OF HIGHER LEARNING,
UNIVERSITY OF SOUTHERN MISSISSIPPI
NINA McLAIN, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY;
MARJORIE GEISZ-EVERSON, IN HER
OFFICIAL AND INDIVIDUAL CAPACITY**          **DEFENDANTS**
                                                                **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual damages for violation of rights guaranteed by the United States Constitution for violation of the equal protection and substantive due process clauses of United States Constitution Amendment Fourteen, and for violation of 42 U.S.C.A. § 1981, *et seq*. The following facts support the action:

### PARTIES

1.

Plaintiff, Avery Rawls ("Rawls" or "Plaintiff") is an adult resident citizen of 115 Cross Creek Parkway, Hattiesburg, Mississippi 39402.

2.

     a.      Defendant Institutions of Higher Learning, may be served with process by serving its Commissioner of Higher Education, Dr. Alfred Rankins, or his designee, at 3825 Ridgewood Road, Jackson, Mississippi 39211.

     b.      Defendant University of Southern Mississippi may be served with process by serving its President, Dr. Rodney Bennett, or his designee, in the Aubrey K. Lucas Administration Building, at 118 College Drive, Hattiesburg, Mississippi 39406.

    c.    Defendant Nina McLain, in her official and individual capacity, may be served with process by personal service at her office located in Ashbury Hall (317), 3215 Montague Boulevard, Hattiesburg, Mississippi 39401, or wherever she may be found.

    d.    Defendant Majorie Geisz-Everson, in her official and individual capacity, may be served with process by personal service at her office located in Ashbury Hall (317), 3215 Montague Boulevard, Hattiesburg, Mississippi 39401, or wherever she may be found

### JURISDICTION AND VENUE

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for causes of actions arising under the First and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C.A. § 2000d, *et seq*. This action is authorized by 42 U.S.C. § 1983. Additionally, Plaintiff sues under Title VI and VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, Title IX of the Education Amendment of 1972, and other applicable authority.

### STATEMENT OF FACTS

4.

Rawls serves as a Second Lieutenant in the United States Air Force, having received his Commission in February, 2016.

5.

At all times relevant, Rawls was also a student in the University of Southern Mississippi Nurse Anesthesia Program in Hattiesburg, Mississippi.

6.

Rawls' matriculation as a Nurse Anesthesia student was without substantial incident until July, 2017.

7.

On or about March 27, 2017, Rawls met with Everson to discuss a formative (daily) evaluation for clinical date March 23, 2017. Rawls expressed concerns about how he was evaluated both individually and in comparison to other students.

8.

Between March and July, 2017, Rawls did clinical work at Southwest Regional Medical Center. To Rawls' knowledge, no one at Southwest Regional Medical Center gave him any negative evaluations.

9.

Rawls continued in the program without event until July 5, 2017, when he was given a Clinical Probation Remedial Plan. The Remedial Plan references unidentified emails, phone and text communications regarding Rawls' clinical performance.

10.

At no time before July 5, 2017 did anyone associated with the program express to Rawls that he was behind his peers.

11.

Upon USM placing Rawls on probation, Rawls sought to use simulation trainers to improve his perceived weaknesses; Rawls was denied use of the simulators.

12.

Throughout the clinical training, Rawls did not receive timely evaluations and was lead to believe his performance was satisfactory—until it was not.

13.

Other individuals whose performance was less than satisfactory were given preferential treatment. Those individuals were Caucasian, and at least two were female.

14.

Rawls challenged his evaluations, but was ultimately dismissed from the program.

15.

Rawls exhausted all University appeals and received a final decision affirming his dismissal on or about January 30, 2018.

## CAUSES OF ACTION

16.

Plaintiff incorporates by references paragraphs 1 through 15 above as though each was restated entirely.

17.

Plaintiff has been discriminated against on the basis of his race, African-American.

18.

Plaintiff has been discriminated against on the basis of his gender, male.

19.

Plaintiff has been discriminated against on the basis of retaliation for raising concerns about how the program was evaluating his clinical performance.

20.

Plaintiff has suffered an adverse action, namely, discharge from the program.

21.

Plaintiff has been harmed as a result of said discrimination, and Defendants are jointly and severally liable to Plaintiff for the same.

22.

The acts of the Defendants constitute willful and intentional violations of Federal law and entitle Plaintiff to damages, both compensatory and punitive in nature.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined upon a trial of this matter, and for reasonable attorneys' fees and expenses, and for any other damages allowed by law.

Respectfully submitted this the 30th day of July, 2018.

Avery Rawls

By: _____
PIETER TEEUWISSEN, MSB #8777
PAUL M. LUCKETT, MSB # 10224

SIMON & TEEUWISSEN, PLLC
621 EAST NORTHSIDE DRIVE
JACKSON, MISSISSIPPI 39206
OFFICE:       601-362-8400
FACSIMILE:   601-366-2292

PAUL M. LUCKETT,
ATTORNEY AT LAW
POST OFFICE BOX 1055
MCCOMB, MISSISSIPPI 39649-1055
OFFICE:       888-609-6886